UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-01734-DOC-(JDEx)  Date: April 22, 2021

Title: JORGE VALDES v. NATIONWIDE REAL ESTATE EXECUTIVES, INC.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING MOTION TO DISMISS [11]**

Before the Court is a Motion to Dismiss ("Motion") (Dkt. 13) brought by Defendants Nationwide Real Estate Executives, Inc. ("NREE" or "Defendant"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7–15.

Having reviewed the moving papers submitted by the parties, the Court now GRANTS Defendant's Motion to Dismiss with prejudice.

**I. Background**

   **A. Facts**

Unless otherwise stated, the following facts are drawn from Plaintiff Jorge Valdes' ("Plaintiff") Complaint ("Compl.") (Dkt. 1). Defendant NREE is "real estate agency that assists consumers in buying and purchasing property." *Id.* ¶ 21. NREE regularly hosts training sessions for its real estate agents and places "great emphasis on . . . cold calling customers to generate business." *Id.* ¶¶ 24–25. Plaintiff brings this putative class action against NREE alleging that NREE violated the Telephone Consumer Protection Act ("TCPA") by "making unsolicited, autodialed calls to consumers without their consent and to consumers whose phone numbers are registered on the National Do Not Call registry." *Id.* ¶¶ 1–2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01734-DOC-KES                                                                  Date: April 22, 2021

Page 2

On or about October 29 and 30, 2018, Plaintiff received three "unsolicited autodialed call[s] from a NREE agent" with the purpose of soliciting the Plaintiff to list his home with the agent's brokerage. *Id.* ¶¶ 48–52. Plaintiff alleges that NREE did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls to him through autodialed phone calls, and furthermore, Plaintiff had registered his phone number on the National Do Not Call registry in 2005. *Id.* ¶¶ 43, 56.

Plaintiff further alleges that NREE hosts training sessions for its agents that place "great emphasis on . . . cold calling customers to generate business." *Id.* ¶¶ 24–25. NREE also advises agents on cold calling techniques. *Id.* ¶¶ 35. Plaintiff alleges that through these activities, NREE directs its agents to violate the TCPA and make calls to individuals without consent or to individuals on the Do Not Call Registry. *Id.* ¶ 42.

NREE maintains that its activities "of [supporting] its professionals in their real estate sales efforts and encourag[ing] them to solicit busines" through cold calls are "perfectly legal." Mot. at 3, 19. NREE further contends that it has no agency relationship with the real estate agent that called the Plaintiff and therefore, cannot be vicariously liable for the caller's actions. Mot. at 16–22.

**B.  Procedural History**

Plaintiff filed his Complaint (Dkt. 1) on September 10, 2020. In this putative class action, Plaintiff asserts two Telephone Consumer Protection Act ("TCPA") claims:

(1) violations of 47 U.S.C. § 227(b)(1)(A)(iii) ("Consent claim"); and
(2) violations of 47 U.S.C. §227(c)(5) ("DNC claim").

*See generally* Compl.

NREE filed the instant Motion to Dismiss (Dkt. 11) on December 31, 2020. Plaintiff filed its Opposition ("Opp.") (Dkt. 19) on February 1, 2021, and NREE submitted a Reply (Dkt. 22) on February 8, 2021. The United States of America ("Government") intervened to oppose NREE's Motion on April 6, 2021; and NREE filed a Reply on April 19, 2021.

**II.  Legal Standard**

**A.  Rule 12(b)(1)**

Federal courts have limited jurisdiction. *Kokonnen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994). The Constitution limits the federal judicial power to designated "cases" and "controversies." U.S. Const., Art. III, § 2; *Kokkonen*, 511 U.S. at 377. A complaint must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01734-DOC-KES                                              Date: April 22, 2021

Page 3

dismissed under Federal Rule of Civil Procedure 12(b)(1) if the Court lacks subject matter jurisdiction to adjudicate the claims.

Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the Court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, courts presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen*, 511 U.S. at 377.

### B.     Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Horosny v. Burlington Coat Factory, Inc.*, No. 15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01734-DOC-KES                                                   Date: April 22, 2021

Page 4

### III.   Discussion

NREE seeks dismissal (1) under 12(b)(1) for lack of subject matter jurisdiction and (2) under Rule 12(b)(6) for failure to establish an agency relationship between NREE and the agent that made the calls in question. The Court will address each argument in turn.

#### A.   Plaintiff Has Adequately Demonstrated Subject Matter Jurisdiction

NREE contends that the Court cannot adjudicate the first cause of action ("Consent claim") because it is premised on a statute that was unconstitutional and ineffective at the time the calls at issue here were made. Mot. at 5–10. Plaintiff argues that the statute was effective, at least against NREE, during the relevant period. Opp. at 4–18.

Congress enacted the TCPA in 1991; "[i]n plain English, the TCPA prohibit[s] almost all robocalls to cell phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (hereinafter AAPC). In November 2015, Congress amended the TCPA to add an exception for robocalls "made solely to collect a debt owed to or guaranteed by the United States." Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 301(a)(1)(A), 129 Stat. 584, 588 (amending 47 U.S.C. § 227(b)(1)(A)(iii)).

In *AAPC*, the Supreme Court examined the constitutionality of the TCPA as amended. In a fractured decision, six Justices concluded that the government-debt exception introduced in the 2015 amendment violated the First Amendment, and seven Justices determined that the 2015 amendment should be severed from the remainder of the statute. *AAPC*, 140 S. Ct. at 2343–44. *AAPC* left unanswered whether and to what extent robocallers may be liable for calls made while the unconstitutional government-debt exception was affixed to the face of the statute, between enactment in 2015 and severance in 2020.

As the Plaintiff, Government, and Defendant have all pointed out, many district courts have spoken on the issue and have decided both ways. *See, e.g.*, *Cunningham v. Matrix Financial Servs.*, LLC, No. 4:19-cv-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021); *Abramson v. Federal Ins. Co.*, CV 8:19-2523 (M.D. Fla. Dec. 11, 2020); *Buchanan v. Sullivan*, CV 8:20-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020). The Central District of California recently addressed the issue as well. *Trujillo v. Free Energy Sav. Co., LLC*, No. 5:19-CV-02072-MCS-SP, 2020 WL 8184336, at *5 (C.D. Cal. Dec. 21, 2020); *Shen v. Tricolor California Auto Grp., LLC*, No. CV 20-7419 PA (AGRX), 2020 WL 7705888, at *4 (C.D. Cal. Dec. 17, 2020). The court found that Justice Kavanaugh's plurality opinion in *AAPC* and the Ninth Circuit's decision in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), "ascribe to a more limited view of severance." *Shen*, 2020 WL 7705888 at *4. Both *AAPC* and *Duguid* "indicate that the robocall statute remains enforceable, at least against non-government-debt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01734-DOC-KES                                                                Date: April 22, 2021

Page 5

collectors, as to calls made between 2015 and 2020." *Trujillo*, 2020 WL 8184336 at *5. This Court is inclined to follow this reasoning from the Central District of California.

Here, NREE agents made calls to the Plaintiff for non-government-debt-collection purposes in 2018, and therefore, the Court can adjudicate the Plaintiff's claim concerning NREE's calls.

The Court DENIES NREE's Motion to Dismiss on this basis.

### B. Plaintiff Has Not Satisfied Rule 12(b)(6)

NREE next argues that both of Plaintiff's claims fail as a matter of law because Plaintiff has not plausibly alleged that NREE is directly or vicariously liable for the calls. Mot. at 16–22. Plaintiff disagrees, arguing that he has established an agency relationship between NREE and the caller through actual authority, apparent authority, and ratification. Opp. at 18–25.

Under TCPA, to state a claim for violation of § 227(b)(1) or § 227(c)(5) a plaintiff must show that the defendant made a call. Section 227(b)(1) states that "a plaintiff must allege that '(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.'" *Duguid v. Facebook, Inc.*, No. 15-CV-00985-JST, 2016 WL 1169365, at *4 (N.D. Cal. Mar. 24, 2016) (citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)). And § 227(c)(5) requires a plaintiff to allege that the defendant made more than one telephone solicitation to him in a 12-month period while his number was on the Do Not Call registry. *See* 47 U.S.C. § 227(c)(5); *Naiman v. Adjustable Bedding Concepts, Inc.*, No. 2:19-cv-0702, 2020 WL 5105801, at *3 (E.D. Cal. Aug. 31, 2020).

Since, neither party here alleges that NREE itself made a call, the Plaintiff must show that NREE is vicariously liable for the calls at issue. "A plaintiff can establish an agency relationship, and therefore vicarious liability under the TCPA, using the 'bedrock theories of agency,' actual authority, apparent authority, and ratification." *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, 2018 WL 3707283, at *3 (N.D. Cal. Aug. 3, 2018) (citing *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018). The Court will discuss each of these in turn.

#### 1. Actual Authority

Plaintiff argues that NREE has actual authority to direct its agent to make these calls. Opp. at 20–23. In response, NREE maintains that it only encouraged its agents to make cold calls and that there is nothing illegal about encouraging someone to make a cold call. Mot. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01734-DOC-KES         Date: April 22, 2021

Page 6

Actual authority is limited to actions "specifically mentioned to be done in a written or oral communication" or "consistent with" a principal's "general statement of what the agent is supposed to do." *Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940 (9th Cir. 2017). Here, Plaintiff offers multitudes of evidence showing that NREE hosts training sessions for real estate agents and encourages cold calls as a method of generating business. Compl. ¶¶ 7–17. But Plaintiff fails to proffer any evidence showing that NREE directs its agents to make cold calls that violate the TCPA or that NREE has any control over whom its agents call. A mere conclusory statement that "NREE is directing realtors to . . . place unsolicited calls to consumers," without any supporting allegations, is insufficient. *Id.* ¶ 42.

### 2. Apparent Authority

"Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." Iron Workers, 124 F.3d at 1099 (citing *NLRB v. Donkin's Inn*, 532 F.2d 138, 141 (9th Cir. 1976), cert. denied, 429 U.S. 895 (1976)).

Here, as NREE rightfully points out, "the Complaint is devoid of any allegations that [NREE] made any statement or took any action that would have led Plaintiff to believe [the caller] was acting as its agent. In fact, the Complaint does not allege Nationwide ever said anything to Plaintiff at all or that Plaintiff ever reached out to [NREE] regarding these calls." Mot. at 21. The Plaintiff has not alleged that NREE ever communicated to him regarding these agents or that the caller ever mentioned NREE. *See generally* Compl. Therefore, the Plaintiff has failed to sufficiently allege apparent authority.

### 3. Ratification

Ratification is "'the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority.'" *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (quoting Restatement § 4.01(1)). It "may create an agency relationship when none existed before if the acts are done by an actor . . . who is not an agent but pretends to be." *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1074 (9th Cir. 2019) (citation and quotation marks omitted).

There are two ways a principal might ratify a third party's acts: by a "knowing acceptance of the benefit" or through "willful ignorance." *Henderson*, 918 F.3d at 1073–74 (citing Restatement § 4.01 cmt. d). To prove knowing acceptance, there must be "an objectively or externally observable indication . . . that the principal has exercised choice and has consented" to the acts of the purported agent. Restatement § 4.01 cmt. d. Consenting to the act requires the principal have "knowledge of material facts," or "actual knowledge." Restatement § 4.06. A principal that is "willfully ignorant" might not know the material facts, but ratifies "with awareness that such knowledge was lacking." Restatement § 4.01 cmt. b. "In effect, the principal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01734-DOC-KESDate: April 22, 2021

Page 7

can ratify the act of a third party—thereby making the third party the principal's agent—even if it does not know all the material facts, but it must be aware that it does not know the material facts and ratify anyway." *Henderson*, 918 F.3d at 1074.

Here, again, Plaintiff makes conclusory statements that "[NREE] knew or should have known that [the caller] was cold calling consumers without consent for [NREE's] benefit and consistent with Nationwide's expectations." Opp. at 25. As discussed above, Plaintiff has not sufficiently alleged that NREE directed its agents to make cold calls that violate the TCPA or that NREE had any control over whom its agents call. Additionally, Plaintiff has not alleged any benefit that NREE may receive from such actions. Without more, the Plaintiff fails to sufficiently allege ratification.

The Court GRANTS NREE's Motion to Dismiss on this basis.

### IV.Disposition

For the reasons set forth above, the Court GRANTS NREE's Motion to Dismiss with prejudice.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11Initials of Deputy Clerk: kd
CIVIL-GEN